**UNITED STATES BANKRUPTCY COURT{PRIVATE }**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
*www.flmb.uscourts.gov*

In re                                                          Bk. No. 6:16-bk-04406-RAC

**William C. King, Jr. and Tammee King,**          **CHAPTER 7**

Debtors.

## MOTION FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

    Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within <u>twenty-one (21)</u> days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at United States Courthouse, 400 West Washington Street, Suite 5100, Orlando, Florida 32801, and serve a copy on the Secured Creditor's counsel, Kevin E. Mangum, Esq., Mateer Harbert, 225 E. Robinson St., Suite 600, Two Landmark Center, Orlando, FL 32801 within the time allowed.

    If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

    **Bank of America, N.A.**, its assignees and/or successors in interest ("Secured Creditor" herein) alleges as follows:

    1.    That on or about July 1, 2016, the above named Debtors filed their Chapter 7 Petition in Bankruptcy with this Court.

    2.    Secured Creditor is the current payee of mortgage note dated November 7, 2003 in

1

the principal amount of $120,694.00 ("Note" herein) secured by a first mortgage of same date ("Mortgage" herein) upon property generally described as **106 Camino Circle, Ormond Beach, Florida 32174** and legally described as set forth in the attached Mortgage. (Copies are attached hereto as **Exhibit "A"** and made a part hereof, "Property" herein).

3.    Secured Creditor is informed and believes, and, based upon such information and belief, alleges that title to the subject Property is currently vested in the name of Debtor.

4.    Secured Creditor will seek leave of Court to specify any further encumbrances against the subject Property at the time of trial/hearing.

5.    Carrington Mortgage Services, LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Secured Creditor. Secured Creditor, directly or through an agent, has possession of the promissory note. Secured Creditor will enforce the promissory note as transferee in possession. Secured Creditor is the original mortgagee or beneficiary or the assignee of the Mortgage.

6.    As of August 19, 2016, the outstanding Obligations are:

| Unpaid Principal Balance | $97,939.82 |
|---|---|
| Unpaid, Accrued Interest | $7,797.52 |
| Late Charges | $1,233.63 |
| Escrow/Impound Required | $952.28 |
| Fees Required with Payoff Funds | $10.00 |
| Fees Currently Assessed | $2,023.44 |
| Less: Partial Payments | ($73.54) |
| Minimum Outstanding Obligations | $109,873.15 |

7.    In addition to the other amounts due to Secured Creditor reflected herein, as of the date hereof, in connection with seeking the relief requested in the Motion, Secured Creditor has also incurred $926.00 in legal fees and costs. Secured Creditor reserves all rights to seek an

2

award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

8.     The following chart sets forth the number and amount of payments due pursuant to the terms of the Note that have been missed by the Debtors:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 8 | 7/1/15 | 2/1/16 | $1,051.43 | $8,411.44 |
| 6 | 3/1/16 | 8/1/16 | $1,009.36 | $6,056.16 |
| Uncollected Late Charges: | | | | $1,233.63 |
| Corporate Advance: | | | | $983.44 |
| Expense Advance: | | | | $1,040.00 |
| Less partial payments: | | | | ($0.00) |
| | | | Total: | $17,724.67 |

9.     Secured Creditor has elected to initiate foreclosure proceedings on the Property with respect to the subject Mortgage; however, Secured Creditor is precluded from proceeding to publish the necessary notices and commence said foreclosure action during the pendency of this Bankruptcy.

10.    This Secured Creditor is informed and believes, and based upon such information and belief, alleges that absent this Court's Order allowing this Secured Creditor to proceed with the pending foreclosure, Secured Creditor's security will be significantly jeopardized and/or destroyed.

11.    Based upon the foregoing, Secured Creditor alleges that Secured Creditor is not adequately protected, that the subject Property is not necessary to effectuate Debtor's rehabilitation, and that it would be unfair and inequitable to delay this Secured Creditor in the foreclosure of Secured Creditor's interest. Secured Creditor urges that this Court issue an Order herein permitting this Secured Creditor to proceed to a Foreclosure Sale of the Property, including necessary action to obtain possession of the Property.

12.    The commercially reasonable value of the Property is approximately $103,000.00,

3

as evidenced by the Debtors' schedules A and D, attached hereto as **Exhibit "B"** and made a part hereof.

13.    Debtor has elected to surrender the subject Property, as evidenced by the Statement of Intention, attached hereto as **Exhibit "C"** and made a part hereof.

14.    Arvind Mahendru has been appointed by this Court as the Chapter 7 Trustee in this instant Bankruptcy proceeding.  By virtue of his position as Trustee of the estate of Debtor herein, he holds title to the subject Property in that capacity.  To the extent the relief sought herein is granted, Arvind Mahendru, Trustee, is bound by any such judgment.

15.    This Court has jurisdiction of the parties and the subject matter pursuant to the Bankruptcy Code, 11 U.S.C. §§101 et seq., 28 U.S.C. §1334, 28 U.S.C. §157(a) and the standing order of reference entered by the District Court.

WHEREFORE, Secured Creditor prays judgment as follows:

1.)  For an Order granting relief from the Automatic Stay, permitting this Secured Creditor to move ahead with foreclosure proceedings under Secured Creditor's Mortgage, and to sell the subject Property under the terms of said Mortgage, including necessary action to obtain possession of the Property.

2.)  For such Order regarding adequate protection of Secured Creditor's interest as this Court deems proper.

3.)  For attorneys' fees and costs of suit incurred herein.

4.)  For an Order that, in addition to foreclosure, permits activity necessary to obtain possession of said collateral; therefore, All communications sent by Secured Creditor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent directly to Debtors.

5.)  For such other relief as this Court deems appropriate.

4

Dated:  August 29, 2016

By: */s/ Kevin E. Mangum*
    KEVIN E. MANGUM, ESQUIRE
Bar No. 904260
Retained Counsel
Mateer Harbert
225 E. Robinson St., Suite 600
Two Landmark Center
Orlando, Florida  32801
(407) 425-9044
(407) 423-2016 facsimile
kmangum@mateerharbert.com
FHAC.241-1126

5

I hereby certify that a true copy of the foregoing Motion for Order Granting Relief from Automatic Stay together with all exhibits and attachments was furnished to the following parties on August 29, 2016.

James Skow
James Skow, PA
139 Executive Circle
Suite 103
Daytona, FL 32114
Debtors' Attorney

Arvind Mahendru
5703 Red Bug Lake Road
Suite 284
Winter Springs, FL 32708
Chapter 7 Trustee

William C. King, Jr.
Tammee King
106 Camino Circle
Ormond Beach, FL 32174
Debtors

United States Trustee/ORL7/13
Office of the U.S. Trustee
George C. Young Federal Building
400 W. Washington Street, Suite 1100
Orlando, Florida 32801

/s/ Kevin E. Mangum
KEVIN E. MANGUM, ESQUIRE
Bar No. 904260
Retained Counsel
Mateer Harbert
225 E. Robinson St., Suite 600
Two Landmark Center
Orlando, Florida 32801
(407) 425-9044
(407) 423-2016 facsimile
kmangum@mateerharbert.com
FHAC.241-1126

4815-9272-8375, v. 1

Multistate

# NOTE

FHA Case No.
Redacted

NOVEMBER 07, 2003
[Date]

LOAN #    Redacted

106 CAMINO CIRCLE, ORMOND BEACH, FL  32174
[Property Address]

## 1. PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means BANK OF AMERICA, N.A.

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of ONE HUNDRED TWENTY THOUSAND SIX HUNDRED NINETY FOUR AND 00/100

Dollars (U.S. $    120,694.00    ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of SIX AND THREE-EIGHTHS percent (    6.375    %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT
### (A) Time
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on JANUARY 01    ,    2004    . Any principal and interest remaining on the first day of    DECEMBER    , 2033    , will be due on that date, which is called the "Maturity Date."
### (B) Place
Payment shall be made at BANK OF AMERICA, P.O. BOX 9000, GETZVILLE, NY 14068-9000
or at such place as Lender may designate in writing by notice to Borrower.
### (C) Amount
Each monthly payment of principal and interest will be in the amount of U.S. $    752.98    .
This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
### (D) Allonge to this Note for payment adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge    ☐ Growing Equity Allonge    ☐ Other [specify]

**FHA Multistate Fixed Rate Note - 10/95**
Redacted

ELECTRONIC LASER FORMS, INC. - (800)327-0545

Page 1 of 3

Redacted

EXHIBIT A

### 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

### 6. BORROWER'S FAILURE TO PAY

#### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of          FOUR                    percent (     4.0           %) of the overdue amount of each payment.

#### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

#### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

### 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

### 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

### 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

Redacted

BS1R 11/06/03 12:41 PM   Redacted

Page 2 of 3

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)      _____ (Seal)
WILLIAM KING                     -Borrower    TAMMEE KING                      -Borrower

_____ (Seal)      _____ (Seal)
                                 -Borrower                                     -Borrower

_____ (Seal)      _____ (Seal)
                                 -Borrower                                     -Borrower

_____ (Seal)      _____ (Seal)
                                 -Borrower                                     -Borrower

PAY TO THE ORDER OF

_____

WITHOUT RECOURSE
Bank of America, N.A.

William L. Craig
ASSISTANT VICE PRESIDENT

Redacted

BS1R 11/06/03 12:41 PM      Page 3 of 3

Redacted

Doc stamps 422.45
Intangible Tax 241.39
Instrument# 2003-286566
Book: 5205
Page: 1058

Return To:
LOAN #    Redacted
     Redacted
BREA POST CLOSING
BANK OF AMERICA — NPC
275 VALENCIA AVENUE, PO BOX 2334
BREA, CA 92822
This document was prepared by:
MELITA GUNSAULLUS
BANK OF AMERICA, N.A.
9000 SOUTHSIDE BLVD., #700
JACKSONVILLE, FL 322560000

Redacted

——————————— [Space Above This Line For Recording Data] ———————————

State of Florida

# MORTGAGE

| FHA Case No. |
| Redacted |

LOAN #    Redacted

THIS MORTGAGE ("Security Instrument") is given on    NOVEMBER 07, 2003
The Mortgagor is WILLIAM KING AND TAMMEE KING, HUSBAND AND WIFE

, whose address is

1534 FRANKLIN CIRCLE, HOLLY HILL, FL  32117

("Borrower"). This Security Instrument is given to  BANK OF AMERICA, N.A.

which is organized and existing under the laws of  THE UNITED STATES OF AMERICA
and whose address is  9000 SOUTHSIDE BLVD., #700, JACKSONVILLE, FL  322560000
                              ("Lender"). Borrower owes Lender the principal sum of
ONE HUNDRED TWENTY THOUSAND SIX HUNDRED NINETY FOUR AND 00/100
                              Dollars (U.S. $      120,694.00    ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on
DECEMBER 01, 2033              . This Security Instrument secures to Lender: (a) the repayment of
the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b)
the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this

FHA Florida Mortgage - 4/96

Redacted

VMP Mortgage Solutions (800)521-7291

Page 1 of 8                    Initials: _____

Redacted

FHFL 11/06/03 12:41 PM    Redacted

BOOK: 5205
Page: 2059

Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to the Lender the following described property located in VOLUSIA
County, Florida:

LOT 13, BLOCK 2, RIVIERA OAKS, ACCORDING TO THE PLAT THEREOF AS ROCORDED IN MAP BOOK 35, PAGE(S) 58, OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.

Parcel ID Number:    424277020130
which has the address of    106 CAMINO CIRCLE                                                    [Street]
                    ORMOND BEACH           [City], Florida    32174    [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

**2. Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Redacted                              Page 2 of 8                              Initials: _____

FHFL 11/06/03 12:41 PM         Redacted

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

Redacted

Page 3 of 8

Initials: _____

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

Redacted

Page 4 of 8

Initials: _WcK_
_AV_

BOOK: 5205
PAGE: 1062

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor

Redacted

Initials:

in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

Redacted

Initials:

FHFL 11/06/03 12:41 PM

Redacted

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.* ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. **Attorneys' Fees.** As used in this Security Instrument and the Note, "attorneys' fees" shall include any attorneys' fees awarded by an appellate court.

21. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider       ☐ Growing Equity Rider        ☐ Other [specify]
☐ Planned Unit Development Rider   ☐ Graduated Payment Rider

Redacted

Page 7 of 8

Initials: _____

FHFL 11/06/03 12:41 PM

Redacted

BOOK: 5209
Page #: 1065
Diane M. Matousek
Volusia County, Clerk of Court

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____
CATHY H. PULLIAM

_____  (Seal)
WILLIAM KING                      -Borrower

_____
Alan Javorsky

_____  (Seal)
                                  -Borrower

_____  (Seal)
                      -Borrower

_____  (Seal)
Tammee King                       -Borrower
TAMMEE KING

_____  (Seal)
                      -Borrower

_____  (Seal)
                                  -Borrower

_____  (Seal)
                      -Borrower

_____  (Seal)
                                  -Borrower

STATE OF FLORIDA,            Volusia            County ss:

The foregoing instrument was acknowledged before me this Nov. 7, 2003    by

William King and Tammee King

who is personally known to me or who has produced  drivers licenses
as identification.

_____
Notary Public

Redacted

Page 8 of 8

CATHY H. PULLIAM
Notary Public - State of Florida
My Comm. Expires Jul 1, 2006
Commission # DD 112429
Bonded By National Notary Assn.

FHFL 11/06/03 12:41 PM

Redacted

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | **William C. King, Jr.** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Tammee King** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF FLORIDA | | |
| Case number | | | |

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes. Where is the property?

| 1.1 | **106 Camino Circle** | **What is the property?** Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|
| | Street address, if available, or other description | ■ Single-family home | |
| | | ☐ Duplex or multi-unit building | |
| | | ☐ Condominium or cooperative | |
| | | ☐ Manufactured or mobile home | **Current value of the entire property?** / **Current value of the portion you own?** |
| | **Ormond Beach    FL    32174-0000** | ☐ Land | $103,000.00    $103,000.00 |
| | City    State    ZIP Code | ☐ Investment property | |
| | | ☐ Timeshare | **Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| | | ☐ Other _____ | |
| | **Volusia** | **Who has an interest in the property?** Check one | |
| | County | ☐ Debtor 1 only | |
| | | ☐ Debtor 2 only | |
| | | ■ Debtor 1 and Debtor 2 only | ☐ Check if this is community property (see instructions) |
| | | ☐ At least one of the debtors and another | |
| | | Other information you wish to add about this item, such as local property identification number: | |

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.........................................=>**   | $103,000.00 |

**Part 2:** Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

EXHIBIT B

| Debtor 1 | **William C. King, Jr.** | |
|---|---|---|
| Debtor 2 | **Tammee King** | Case number *(if known)* _____ |

### 3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No

☑ Yes

| | | | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

**3.1**

| Make: | **Mercury** |
|---|---|
| Model: | **Sable** |
| Year: | **2002** |
| Approximate mileage: | **154000** |

Other information:

| **bad shape** |
|---|
| **VIN1MEHM55S52A638075** |

Who has an interest in the property? Check one

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
  (see instructions)

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $1,100.00 | $1,100.00 |

**3.2**

| Make: | **Dodge** |
|---|---|
| Model: | **Dakota Sport** |
| Year: | **1999** |
| Approximate mileage: | **155000** |

Other information:

| **fair shape** |
|---|
| **VIN 1B7FL26P3XS232057** |

Who has an interest in the property? Check one

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
  (see instructions)

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $1,500.00 | $1,500.00 |

### 4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No

☐ Yes

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here...........................................................=>

| $2,600.00 |
|---|

**Part 3:    Describe Your Personal and Household Items**

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

### 6. Household goods and furnishings
*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes. Describe.....

| headboard, matching dresser, matching armoir, (purchased 2nd hand 5 years ago), kitchen table and chairs (purchased second hand for $50), dresser (2nd hand purchase), couch, loveseat, entertainment center (11 years old) | $450.00 |
|---|---|

### 7. Electronics
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
☑ Yes. Describe.....

| 50 inch tv (3 years old), 32 inch tv (3 years old), dvd player and 20-30 dvds, wii (10 years old) and 15 games, cell phone (5 years) | $250.00 |
|---|---|

Debtor 1    **William C. King, Jr.**

Debtor 2    **Tammee King**                                           Case number *(if known)* _____

8. **Collectibles of value**
    *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
    ■ No
    ☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
    *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
    ■ No
    ☐ Yes. Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ☐ No
    ■ Yes.  Describe.....

| inheirited shot guns | $300.00 |

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes.  Describe.....

| women's casual wear and uniforms (average amount) | $150.00 |

| men's casual wear (minimal amount) | $75.00 |

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ■ No
    ☐ Yes. Describe.....

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ☐ No
    ■ Yes.  Describe.....

| 1 dauschaund | $10.00 |

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ■ No
    ☐ Yes.  Give specific information.....

15.  **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ...........................................................................

| $1,235.00 |

**Part 4:    Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ■ No
    ☐ Yes.........................................................................................................

| Debtor 1 | William C. King, Jr. | |
|---|---|---|
| Debtor 2 | Tammee King | Case number *(if known)* _____ |

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

■ Yes.......................    Institution name:

| | | | |
|---|---|---|---|
| 17.1. | Checking | Bank of America | $10.00 |
| 17.2. | Checking | Debtor 1 is named as signator/beneficiary of his father's Chase checking account but Debtor does not deposit money to this account, nor does he have access to bank statements on this account. | Unknown |

**18. Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No

☐ Yes.................    Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

■ No

☐ Yes.  Give specific information about them....................

Name of entity:                    % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.

*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No

☐ Yes. Give specific information about them

Issuer name:

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

■ No

☐ Yes. List each account separately.

Type of account:        Institution name:

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No

☐ Yes. ....................    Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No

☐ Yes............    Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**

26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No

☐ Yes............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property** (other than anything listed in line 1), and rights or powers exercisable for your benefit

■ No

☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**

*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

■ No

☐ Yes.  Give specific information about them...

Debtor 1   **William C. King, Jr.**
Debtor 2   **Tammee King**                             Case number *(if known)*

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ☑ No
    ☐ Yes.  Give specific information about them...

**Money or property owed to you?**                              **Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
    ☑ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ☑ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
                 benefits; unpaid loans you made to someone else
    ☑ No
    ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ☑ No
    ☐ Yes. Name the insurance company of each policy and list its value.
               Company name:                       Beneficiary:              Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
    someone has died.
    ☑ No
    ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ☑ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ☑ No
    ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
    ☑ No
    ☐ Yes.  Give specific information..

36.   **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**................................................................................................................        **$10.00**

**Part 5:**   Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ☑ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

Official Form 106A/B                        Schedule A/B: Property                                **page 5**

Debtor 1    **William C. King, Jr.**
Debtor 2    **Tammee King**                                          Case number *(if known)* _____

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|

If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
   ■ No. Go to Part 7.
   ☐ Yes. Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

53. **Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership
   ■ No
   ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ...................................    $0.00

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

55.  Part 1: Total real estate, line 2 ...........................................................................................    $103,000.00

56.  Part 2: Total vehicles, line 5                                      $2,600.00
57.  Part 3: Total personal and household items, line 15              $1,235.00
58.  Part 4: Total financial assets, line 36                             $10.00
59.  Part 5: Total business-related property, line 45                     $0.00
60.  Part 6: Total farm- and fishing-related property, line 52            $0.00
61.  Part 7: Total other property not listed, line 54          +          $0.00

62.  **Total personal property.** Add lines 56 through 61...           $3,845.00    Copy personal property total        $3,845.00

63.  **Total of all property on Schedule A/B.** Add line 55 + line 62                          $106,845.00

Fill in this information to identify your case:

| Debtor 1 | William C. King, Jr. | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | Tammee King | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: MIDDLE DISTRICT OF FLORIDA

Case number
(if known) _____

☐ Check if this is an
amended filing

## Official Form 106D
# Schedule D: Creditors Who Have Claims Secured by Property        12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**
☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
■ Yes. Fill in all of the information below.

### Part 1:    List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|---|
| **2.1** | **Bank of America, N.A.** | $98,000.00 | $103,000.00 | $0.00 |

| 2.1 | Bank of America, N.A. |
|---|---|
| | Creditor's Name |

**Describe the property that secures the claim:**

**106 Camino Circle Ormond Beach, FL 32174  Volusia County**

450 American St.
Simi Valley, CA
93065-6285

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
community debt

☐ An agreement you made (such as mortgage or secured
car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____        Last 4 digits of account number        Redacted

Add the dollar value of your entries in Column A on this page. Write that number here:        $98,000.00
If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:        $98,000.00

### Part 2:    List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt that you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill it out or submit this page.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **William C. King, Jr.** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | **Tammee King** |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF FLORIDA |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

## Official Form 108
# Statement of Intention for Individuals Filing Under Chapter 7          12/15

If you are an individual filing under chapter 7, you must fill out this form if:
- ■ creditors have claims secured by your property, or
- ■ you have leased personal property and the lease has not expired.

You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

| Part 1: | List Your Creditors Who Have Secured Claims |
|---|---|

1. For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **Bank of America, N.A.**<br><br>Description of property securing debt: **106 Camino Circle Ormond Beach, FL 32174  Volusia County** | ■ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | ■ No<br><br>☐ Yes |

| Part 2: | List Your Unexpired Personal Property Leases |
|---|---|

For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| Lessor's name:<br>Description of leased Property: | ☐ No<br><br>☐ Yes |
| Lessor's name:<br>Description of leased Property: | ☐ No<br><br>☐ Yes |
| Lessor's name: | |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

# EXHIBIT C

Debtor 1     **William C. King, Jr.**
Debtor 2     **Tammee King**

Case number (*if known*) _____

Description of leased
Property:

☐ No

☐ Yes

Lessor's name:
Description of leased
Property:

☐ No

☐ Yes

Lessor's name:
Description of leased
Property:

☐ No

☐ Yes

Lessor's name:
Description of leased
Property:

☐ No

☐ Yes

Lessor's name:
Description of leased
Property:

☐ No

☐ Yes

**Part 3:     Sign Below**

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.

X  **/s/ William C. King, Jr.** _____

**William C. King, Jr.**
Signature of Debtor 1

X  **/s/ Tammee King** _____

**Tammee King**
Signature of Debtor 2

Date     **July 1, 2016** _____

Date     **July 1, 2016** _____

Official Form 108          **Statement of Intention for Individuals Filing Under Chapter 7**          page 2

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy