ORDERED.

Dated:  December 02, 2016

*Roberta A. Colton*
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

William C. King, Jr.
Tammee King

DEBTORS                          /

Case No.: 6:16-bk-04406-RAC
Chapter 7

ORDER GRANTING TRUSTEE'S
MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS,
ENCUMBRANCES AND INTERESTS WITH CONSENT OF ALL LIENHOLDERS
(106 Camino Cir, Ormond Beach, FL)

THIS CASE came for hearing before the court on December 1, 2016 to consider Chapter 7 Trustee, Arvind Mahendru's ("Trustee") *Motion to Sell Real Property Free and Clear of Liens, Encumbrances and Interests with the Consent of all Lienholders* (the "Motion") (Dkt. No. 33). Richard M. Dauval, Esq. appeared on behalf of the Trustee. No other appearances were made. No responses or objections were filed..  Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1. The notice of the Motion and the hearing thereon is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED.

3. The Trustee is authorized to sell the real property located at:

**ALL THAT CERTAIN PARCEL OF LAND SITUATED IN COUNTY OF VOLUSIA ON THE STATE OF FLORIDA BEING KNOWN AND DESIGNATED AS:**

**Lot 13, Block 2, Riviera Oaks, according to the plat thereof, recorded in Map Book 35, Page 58, of the Public Records of Volusia County, Florida**

more commonly known as, 106 Camino Cir, Ormond Beach, FL (the "Real Property"), conditioned on the consent of its lienholder(s), and in accordance with the terms provided for in the Motion.

4. The Trustee is authorized to pay the secured mortgage creditor, Bank of America, N.A. and serviced by Carrington Mortgage Services, ("Secured Creditor") the full amount of their lien as of the date of closing.

5. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtors in the Real Property to the Allen Hudson and Bonnie Hudson (the "Buyers").

6. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer(s) all right, title and interest of the Debtors and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

   1. William C. King, Jr., Debtor, name on deed
   2. Tammee King, Debtor, name on deed
   3. Bank of America N.A., mortgage lienholder

6. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

7. The Buyers have not assumed any liabilities of the Debtors.

8.  The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
| 6% to BK Global Real Estate Services / Century 21 Carioti | $ 8,040.00 |
| Title Charges: | $ 1,708.28 |
| Government recording / transfer charges: | $ 938.00 |
| Other / Debits (*incl. carve out to the estate*) | $ 10,611.51* |
| Satisfaction of Liens: | |
| Bank of America, N.A. (home mortgage) | $ 112,702.21* |

*as of the date of the filing of the motion, to be updated as of the date of the closing.

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and with the consent of the lienholder, Secured Creditor.

9.  Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

10. Buyers are approved as a buyers in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyers shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

11. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any

disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

12. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' bankruptcy estate.

13. The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Richard M. Dauval, Esquire, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.